UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL ANTHONY BROWN,

    Plaintiff,

v.                                            CIVIL ACTION NO. 5:23-cv-00606

WARDEN W. HOLZAPFEL,
DR. EDWARDS,
MAT COORDINATOR MS. THOMPSON,
FCI BECKLEY,
HOWELL, Associate Warden of Programs,
DR. ATKINS, Chief of Psychology,
HSA MS. FOX, and
PHYSICIANS ASSIST COOPER,

    Defendants.

## ORDER

Pending are Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF 49], and Plaintiff's Motion to Stay. [ECF 67].

This action was previously referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Reeder filed his PF&R on August 1, 2025. [ECF 68]. Magistrate Judge Reeder recommended the Court grant Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF 49], deny Plaintiff's Motion to Stay [ECF 67], dismiss Plaintiff's Amended Complaint [ECF 32] with prejudice, and remove the case from the Court's docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on November 1, 2025. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R **[ECF 68]**, **GRANTS** Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[ECF 49]**, **DENIES** Plaintiff's Motion to Stay **[ECF 67]**, and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER:    January 12, 2026

Frank W. Volk
Chief United States District Judge

---

[1] On September 26, 2025, Mr. Brown filed a Motion for Extension of Time to File Objections to the PF&R. [ECF 73]. On October 15, 2025, the Court granted Mr. Brown's Motion [ECF 74] and extended the deadline to file objections to November 1, 2025. Mr. Brown did not file objections after the deadline was extended.